

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-1995

# Gen. Ceramics v Fireman's Fund

Precedential or Non-Precedential:

Docket 94-5371

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Gen. Ceramics v Fireman's Fund" (1995). *1995 Decisions.* Paper 259.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NO. 94-5371


GENERAL CERAMICS INC., National Beryllia Division

v.

FIREMEN'S FUND INSURANCE COMPANIES; THE ST. PAUL PROPERTY AND
LIABILITY INSURANCE COMPANY; HOME INSURANCE COMPANY;
MARINE INSURANCE COMPANY; HARTFORD INSURANCE COMPANY;
UNION INDEMNITY, C/O STATE OF NEW YORK INSURANCE DEPARTMENT
LIQUIDATION BUREAU; GREATER ATLANTIC INSURANCE COMPANY

                          GENERAL CERAMICS, INC.,
                          NATIONAL BERYLLIA DIVISION
                          a Corporation of the State
                          of New Jersey,
                                Appellants



On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 92-cv-03292)


Argued February 14, 1995

BEFORE: STAPLETON, GREENBERG and COWEN, <u>Circuit Judges</u>

(Opinion Filed  September 21, 1995)



                    David C. Dixon (Argued)
                    Scangarella & Feeney
                    565 Newark Pompton Turnpike
                    P.O. Box 216
                    Pompton Plains, N.J.  07444
                      Attorneys for Appellant

                    Wendy L. Mager (Argued)
                    Jay M. Tuckerman

Smith, Stratton, Wise, Heher & Brennan
600 College Road East
Princeton, N.J.  08540
  Attorneys for Appellee
  Home Insurance Co.
Laura A. Foggan
Daniel E. Troy
Stephen D. Goldman
Tanja E. Hens
Wiley, Rein & Fielding
1776 K Street, N.W.
Washington, D.C.  20006
  Attorneys for Amicus Curiae
  Insurance Environmental Litigation
  Association

OPINION OF THE COURT

STAPLETON, Circuit Judge:

This is an action for a declaratory judgment that a standard comprehensive liability insurance policy covers a liability incurred under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675.  Central to its resolution is a choice-of-law issue governed by New Jersey's choice-of-law rules.  We must decide whether New Jersey or Pennsylvania law controls the interpretation of an exception to a pollution-exclusion clause when New Jersey has significant contacts with the insurance contract and the insured but Pennsylvania is the site of the hazardous waste site giving rise to the liability for which coverage is sought.  Based on the strong public policy that

2

underlies New Jersey's broad interpretation of the pollution-exclusion exception, we conclude that the Supreme Court of New Jersey would hold the New Jersey law governs this dispute. Because the district court applied Pennsylvania law and granted summary judgment in favor of the insurer on that basis, we will reverse.

## I.

The insured, General Ceramics, Inc.,[1] is a New Jersey company that manufactures high temperature beryllium oxide ceramics at its main manufacturing plant in Haskell, New Jersey. Until 1991, all of General Ceramics's corporate, manufacturing, marketing, and sales operations were located at the Haskell, New Jersey facility. Between December 1977 and October 1978, approximately five shipments of contaminated waste from the Haskell facility were transported by private waste haulers to a resource recovery and processing facility in McAdoo, Pennsylvania ("the McAdoo site").

In 1981, General Ceramics received notice from the United States Department of Environmental Protection ("EPA") and the Pennsylvania Department of Environmental Resources that these agencies were investigating contamination at the McAdoo site. This investigation led to a request that General Ceramics remove from the site approximately 115 drums allegedly containing toxic

---

[1] General Ceramics was formerly known as National Beryllia Corporation and is so identified on the relevant insurance policies.

waste.  General Ceramics complied with that request.  In 1987, a proposed consent decree for clean-up, monitoring, and remediation of the McAdoo site was filed with the District Court for the Eastern District of Pennsylvania.  The EPA then filed a civil action in that court, pursuant to CERCLA, against General Ceramics and others, seeking damages and injunctive relief, and incorporating the provisions of the consent decree.  Through September 1991, General Ceramics had expended approximately $132,000 in clean-up and remediation costs pursuant to the McAdoo site consent decree.  In October 1992, General Ceramics notified its insurers of the environmental claims pending against it.

Between December 1972 and December 1978, Home Indemnity Company (referred to in the caption as "Home Insurance Company" and in this opinion as "Home" or "the insurer") had issued seven liability polices to General Ceramics, each covering approximately a one year period.  Home is incorporated in New Hampshire and has its principal place of business in New York. The policies were obtained through a New York insurance broker. All of the policies listed Haskell, New Jersey as the insured's address; all policies were maintained and counter-signed there; and all premium notices were sent to and paid from that address.

The Home policies provided coverage for "bodily injury [or] property damage . . . caused by an occurrence."  (See, e.g., app. at 84.)  "Occurrence" was defined in the policies as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the

4

insured."  (See, e.g., app. at 78.)  The policies also contained the following standard exclusion clause applicable to bodily injury and property damage resulting from pollution:

> This insurance does not apply:
>
> . . .
>
> (f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fames, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

(See, e.g., app. at 84 (emphasis added).)

After giving Home notice of the EPA claims against it, General Ceramics filed an action in the Superior Court of New Jersey against Home and a number of other insurers seeking a declaration that any liability in connection with the McAdoo site environmental claims was covered by General Ceramics's insurance policies.  After removal to the United States District Court for the District of New Jersey, summary judgment was granted in favor of Home, and General Ceramics's cross-motion for summary judgment was denied. The district court determined that Pennsylvania law applied, that the discharge of the pollution in this case had been gradual and not abrupt, and that under Pennsylvania law the gradual discharge of pollutants was not covered under the "sudden and accidental" exception to the pollution-exclusion clause. Accordingly, the damage at the McAdoo site resulting from General

5

Ceramics's delivery of waste over a one year period was not covered. General Ceramics promptly filed a notice of appeal.

Both before and shortly after the district court granted summary judgment to Home, the other defendant insurance companies were voluntarily dismissed from the action with prejudice.

The district court had jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Although at the time General Ceramics filed its notice of appeal on June 21, 1994, claims remained pending against other defendant insurers, General Ceramics's premature notice of appeal ripened when the remaining defendants were dismissed from the action on July 25 and July 26, 1994. Because this court had not yet taken any action on the appeal at that time, we may assert appellate jurisdiction over the prematurely filed appeal. See New Castle County v. Hartford Accident & Indem. Co., 933 F.2d 1162, 1178 (3d Cir. 1991) (citing Cape May Greene, Inc. v. Warren, 698 F.2d 179 (3d Cir. 1983)).

General Ceramics raises three issues on appeal: (1) whether the district court erred when it determined under New Jersey's choice-of-law rules that Pennsylvania law applies to the interpretation of the insurance contract provisions, (2) whether under Pennsylvania law the pollution-exclusion clause bars recovery, and (3) whether there existed substantial issues of material fact precluding summary judgment. Because we conclude that application of New Jersey's choice-of-law rules require application of New Jersey law, we do not reach the second issue.

Because the district court granted summary judgment on the basis of Pennsylvania substantive law and because genuine issues of material fact preclude summary judgment under New Jersey law at this juncture, we will reverse and remand for application of New Jersey law in further proceedings.

In reviewing a grant of summary judgment, we apply the same test that the district court should have used initially. Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64, 76 (3d Cir. 1990), cert. denied, 498 U.S. 1109 (1991). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The allegations of the party opposing the motion are taken as true and inferences are drawn in a light most favorable to the non-movant. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977). In responding to a motion for summary judgment, however, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)). The district court's application of New Jersey's choice-of-law rules involves the application of legal principles and therefore is subject to plenary review.

II.

A choice-of-law issue arises in this case because Pennsylvania and New Jersey law differ regarding the interpretation to be given the "sudden and accidental" discharge exception found in the pollution-exclusion clause of standard comprehensive liability policies like those issued by Home to General Ceramics.[2] Pennsylvania's intermediate appellate courts have consistently held that the "sudden and accidental" exception does not extend coverage for gradual discharges of pollution. See, e.g., O'Brien Energy Sys., Inc. v. American Employers Ins. Co., 629 A.2d 957, 962 (Pa. Super. Ct. 1993), appeal denied, 642 A.2d 487 (Pa. 1994); Lower Pe Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert. denied, 429 U.S. 1038 (1977).

---

[2] The parties do not contend that the law of Home's state of incorporation, New Hampshire, or its principal place of business, New York, should apply. We accordingly do not consider the law of those states.

8